### CLAYTON W. FIELD v. R. M. HALL.

Delivered April 24, 1897.

**Special Election—Authority to Change Date—Construction of Statute.**

The provision of article 4981, Revised Statutes of 1895, that the Commissioners' Court shall designate in the order for an election to determine whether stock shall be permitted to run at large, the date on which the election is to be held, is mandatory, and the County Judge has no power to change the date.

APPEAL from Harrison. Tried below before Hon. W. J. GRAHAM.

*Y. D. Harrison,* for appellant.—The statute is merely directory, and not mandatory. Rev. Stats., arts. 4978, 4981, 4982; Fowler v. State, 68 Texas, 30; McCrary on Elections, secs. 190-192, 141-146; Wheat v. Smith, 7 S. W. Rep., 161; Sacramento v. Dillman, 36 Pac. Rep., 385; Clark v. Leathers, 6 S. W. Rep., 576.

*Pope & Lane,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—This suit involves the validity of a special election had in a subdivision of Harrison County, on January 16,

1897, to determine whether or not hogs, sheep, and goats should be permitted to run at large in said subdivision. The court below held the election void.

The record discloses that the Commissioners' Court of Harrison County ordered an election to be held in said subdivision on the 15th day of December, 1896. When the order for holding said election was issued it was handed by the County Judge to the Evening Messenger, a newspaper, for publication. The publishers failed to insert the order in time to give the thirty days' notice required by statute. Thereupon the County Judge changed the day of holding said election to the 16th day of January, 1897. The thirty days' notice was given, and on the last named date the election was held, and by the votes then cast the proposition was carried. Practically all of the voters in said subdivision participated in said election.

The only question presented for consideration is, did the holding of the election on the day fixed by the County Judge, instead of on that fixed by the County Commissioners' Court, render said election void? We answer in the affirmative.

The statute governing such matters provides that the Commissioners' Court, when ordering such an election, "shall designate in said order the day on which said election shall be held." Rev. Stats., art. 4981. And when said order is passed, the county judge is required to "cause public notice thereof to be given for at least thirty days before the day of election, by publication of the order in some newspaper," etc. Rev. Stats., art. 4982.

The terms of the statute that the Commissioners' Court shall designate the day on which the election is to be held are mandatory, and an election on a day other than that so fixed is void. Fowler v. State, 68 Texas, 30; McCrary on Elections, sec. 193.

No power existed in the County Judge to change the day fixed by the order of the Commissioners' Court; and the election under consideration having been held on a day other than that specified by the order of the Commissioners' Court, it is invalid and of no effect.

The judgment is affirmed.

*Affirmed.*