MECASKEY v. RATLIFF et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 21, 1913.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— TAX ELECTIONS—VALIDITY.

Where a petition was presented, asking for an election in a school district to determine whether or not a special tax should be levied in such district, and whether or not bonds should be issued, and the order for holding the election to vote on levying the tax substantially complied with the statute, except that it did not express the purpose of the tax nor designate at what points in the district the election was to be held, but it was not claimed that any voter was misled or misinformed or prevented from voting, the election to determine whether or not the bonds should be issued, the order for which did designate the place for holding the

election, was held at the same time, and two more votes were cast on the question of a special tax than on the question of bond issue, the failure to designate the place where the election should be held or to state the purpose of the tax was not fatal; it being improbable that the electors misunderstood the purpose, as no tax was authorized by law except for school purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— TAX ELECTIONS—VALIDITY.

Under Rev. Civ. St. 1911, art. 2829, relative to school district elections, providing that each person who favors taxation for school purposes shall have written or printed on his ticket "for school tax," and each person opposed "against school tax," an election held to determine whether a special tax should be levied was not invalidated because some of the ballots read "for tax" "for the tax" "against tax" and "against the tax," where it was apparent that the voters knew that the tax as to which they were voting was a special school tax.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— TAX ELECTIONS—VALIDITY.

Rev. Civ. St. 1911, art. 2829, relative to special school district elections, provides that the county judge shall appoint a presiding officer for each voting place to hold the election, who shall make due return thereof, as required by law, for holding a general election. Article 3024, a part of the general election law, provides that, when the ballots have been counted, the manager of the election shall make out triplicate returns, which, together with a poll list and tally list, shall be sealed up in an envelope and delivered by one of the precinct judges to the county judge, that another of such returns shall be delivered by one of the managers to the clerk of the county court, and that the other of such returns shall be kept by the presiding officer of the election. Article 3027 provides that, immediately after counting the votes, the presiding officer shall place all the ballots voted, together with one poll list and one tally list, in a wooden or metallic box, and securely fasten the box with nails, screws, or locks, and within a designated time deliver the box to the clerk of the county court. Article 3031 provides that no election returns shall be opened or estimated, unless they have been returned in accordance with the provisions mentioned. Held that, where the only returns made were placed in paper boxes tied with cotton strings, which contained the ballots and list or tally sheet showing the votes cast, but no attempt was made to show that the boxes had been tampered with, or that the votes had been improperly counted and credited, or that the returns made led to any uncertainty or confusion in declaring the result by the commissioners' court, the failure to comply with the statute did not invalidate the election; since the provisions mentioned were directory only, and departures therefrom constituted but irregularities, not invalidating the election, unless they served to mislead or prevent the electors from a free and fair exercise of the right of suffrage, or from having the votes fairly estimated and declared.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Proceeding to contest a school election by J. H. Mecaskey against L. D. Ratliff and

others. Judgment for defendants, and plaintiff appeals. Affirmed.

R. E. Carswell, of Decatur, for appellant. McMurray & Gettys, of Decatur, for appellees.

CONNER, C. J. This is a contest of an election held in common school district No. 80 of Wise county on the 22d day of June, 1912, to determine whether or not bonds should be issued by said district for the purpose of erecting a schoolhouse, and for the purpose of determining whether or not a tax of 20 cents on the $100 should be levied in said district for school purposes, and to provide for the payment of the principal and interest of said bonds. The election was duly declared by the commissioners' court to have been in favor of the bonds and special tax; but appellant contests it on the ground that the order therefor was insufficient, that the ballots were irregular, and that the returns of the election were not as prescribed by the law. The trial court's conclusions of fact and law are against contestant on all points presented.

[1] The order complained of recited that a petition of the majority of the property taxpaying qualified voters of the district had been presented, asking for an election in district No. 80 to determine whether or not a special tax of 20 cents on the $100 valuation of property should be levied in the district. The order then proceeded to command an election on the 22d day of June, 1912, "in said district No. 80 to determine whether or not a special tax of 20 cents on the $100 valuation of property shall be levied in said district, and that George Gentry is appointed to hold said election." The order was duly issued by the county judge, and no complaint is made of a want of due notice thereof; but it is insisted that the order is insufficient in that it does not express the purpose of the tax, and does not designate at what point or points in the district the election is to be held. The order seems to substantially comply with Revised Statutes, art. 2828, relating to the subject, save that no specific point in the district is named at which the polls shall be opened. The evidence shows that the petition for the special tax was in accordance with forms prescribed by the educational authorities, no complaint is made of any insufficiency of the notice of election, or that any one or more of the voters in the district were misled or misinformed, or were prevented from voting, in view of all which it seems wholly improbable that the electors misunderstood the purpose of the tax. No special tax of the kind was authorized under the law save for school purposes, and the voters must have understood it as it was treated by the county judge and commissioners' court. Nor do we think it can be said the failure of the order to name a specific place within the district where the polls should be opened is of itself sufficient to nullify the election. The evidence shows that, at the same time the order for special tax was made, an order was also made, as stated, for an election to determine whether or not the bonds should be issued. The order for the bond issue stated the specific point at which the election should be held, and the evidence shows that the election for the special tax was held at the same time and at the same place by separate sets of election officers. It further shows that the total vote on the question of special tax was 42, that the total vote on the question of bond issue was 40, and it seems quite evident that the failure of the order to be more specific in designating the place where the election should be held in no wise affected the result.

[2] The only complaint of the ballots is that, on the issue of special tax, some of them were "for tax" and others "for the tax," some "against tax" and others "against the tax." The statute (article 2829) provides that: "Each person who favors taxation for school purposes shall have written or printed on his ticket 'for school tax,' and each person opposed to such taxation shall have written or printed on his ticket 'against school tax.'" In the light of the court's conclusions and of the evidence, it is apparent that the voters knew that the tax for which they were voting for and against was a special school tax. The petition therefor so designated it, as did also the order, and presumably the notice for the election, and it would be extremely technical and entirely contrary to the trend of the decisions hereinafter cited to say that the election in question should be nullified, and the will of the people defeated, because of the immaterial variations from the statute in the ballots under consideration.

[3] A more serious complaint, perhaps, is that made of the returns. Revised Statutes, art. 2829, relating to special elections of the kind under consideration, provides that: "The county judge shall appoint a presiding officer for each voting place to hold said election, who shall make due return thereof as is required by law for holding a general election," etc. The general election law (article 3024) provides that, when the ballots have all been counted, the manager of the election in person shall make out triplicate returns of the same, certified to be correct, and signed by him officially, which, together with poll list and a tally list, shall be sealed up in an envelope, and delivered by one of the precinct judges to the county judge of the county, that another of said returns shall be delivered by one of the managers to the clerk of the county court of the county, and that the other of said returns shall be kept by the presiding officer of the election." Article 3027 provides that: "Immediately after counting the votes by the manager of the election, the presiding officer shall place all the ballots voted, together with one poll list

and one tally list, into a wooden or metallic box, and shall securely fasten the box with nails, screws, or locks," and within a design-nated time after the election deliver said box to the clerk of the county court of said county. Article 3031 provides that: "No election returns shall be opened or estimated, un less the same have been returned in accordance with the provisions" of the title containing the articles of the statute cited.

In the case under consideration there was no return made in separate envelopes to the county clerk or to the county judge, as provided in article 3024. The only returns made were placed in paper boxes tied with cotton strings, said boxes containing the ballots and a list or tally sheet, showing the total number of votes cast for and against the bond issue and for and against the special tax. No attempt was made to show that the boxes had been tampered with, or that the votes had been improperly counted and credited, or that the returns as made led to any uncertainty or confusion in declaring the result by the commissioners' court, and it seems to have been expressly held in this state that requirements of the election law, such as we have referred to and cited, are but directory, and that departures therefrom constitute but irregularities of the officers in the con duct and return of the election, which, unless they have served to mislead or prevent the electors from a free and fair exercise of the right of suffrage, or from having the votes fairly estimated and declared, will not vitiate an election. The statutes do not so declare, and the object of every popular election is to ascertain the will of the people on the issue submitted to them, and mere informalities that afford no just ground for the conclusion that this had not been done will not render the election void. See Fowler v. State, 68 Tex. 30, 3 S. W. 255; McKinney v. O'Connor, 26 Tex. 5; King v. State, 30 Tex. Civ. App. 320, 70 S. W. 1019.

We conclude that the trial court's conclusions of fact and law should be adopted, and the judgment affirmed.