**GRAY et al. v. INGLESIDE INDEPENDENT SCHOOL DIST. et al.    (No. 9341.)**

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 28, 1920. On Motion for Rehearing, March 27, 1920.)

1. Schools and school districts ⊙=53(I)—Election of trustees before act creating district becomes effective is void.

A school district created by law has no authority to elect a board of trustees under the act creating it before the act has gone into effect, and an election of trustees under Local & Special Laws 1919, passed by the Thirty-Sixth Legislature, c. 35, creating the Ingleside Independent School District, held before June 17, 1919, was void; such law not becoming effective until such date.

2. Elections ⊙=38—Statute regulating time and place mandatory.

Provisions of statutes regulating time and place of elections are mandatory, and an election held on some other day than that specified is void.

On Motion for Rehearing.

3. Schools and school districts ⊙=53(3)—No de facto officer in absence of de jure office.

In order for there to be a de facto officer there must be a de jure office, and hence an attempted election of trustees for an independent school district, under an act which had not yet become effective, was not only irregular and informal, but void.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

Suit by T. G. Gray and others against the Ingleside Independent School District and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

---

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. E. Fitzgerald and J. B. Hatchitt, both of Wichita Falls, for appellants.

Elmer Graham, of Olney, for appellees.

BUCK, J.   T. G. Gray and 28 citizens of Ingleside independent school district of Young county filed suit against Sam Bird and the other trustees of said district, alleging that the trustees had theretofore written to the representative of Young county that the citizens of common school district No. 148 were overwhelmingly in favor of converting said district into an independent district. That, in compliance with said letter, a bill was introduced in the Legislature, and passed without the knowledge and consent and against the will and desire of a great majority of the people and patrons of said district, creating the Ingleside independent school district. That thereafter, on, to wit, the ———day of April, 1919, the people of the district elected trustees, the defendants.   That the public available school fund, together with the special tax, was sufficient to maintain the school for as long as the patrons wanted, six or eight months.   The petition further alleged that in May, 1919, the board of trustees of Ingleside Independent School District adopted the following resolution, to wit:

"That the valuation placed on all property in the Ingleside Independent School District be the same as the valuation placed on said property by the board of school trustees acting as a board of equalization. That the board arbitrarily add thereto such per centum of increase as will yield the total amount of funds necessary to continue the school properly."

That after the adoption of this resolution, the board of trustees adopted a policy of expenditures for the district, involving $1,000 in excess of the moneys available therefor, which said additional expenditures the petition alleged were altogether unnecessary for the proper maintenance of the school. It was further alleged that the board of trustees, unlawfully pretending to act in the dual capacity of trustees and a board of equalization, did thereupon arbitrarily increase the value of the property of the plaintiffs 50 per cent. over and above the just valuation thereof for taxable purposes, and over and above the valuations fixed thereon for the year 1919 for state and county purposes of taxation. That the board of trustees, still pretending to act in the dual capacity aforesaid, notified the plaintiffs to appear before them on August 9, 1919, to show cause why their property should not be arbitrarily raised in the amount above alleged for the purposes of raising such additional and unnecessary amount of money for said school. That the plaintiffs all appeared before said board, and protested against said action, but that the board, disregarding said protests, did arbitrarily increase the valuation of all property belonging to plaintiffs.

It was further alleged that the Ingleside independent school district, according to the last census, had less than 150 scholastics, and was therefore governed by the laws applicable to common school districts, and the board of trustees was without power or authority to appoint a board of equalization, or to assess and collect taxes for school purposes in excess of those fixed for the state and county purposes; that in fixing the valuations of property in the district, the board of trustees was influenced by and solely governed by the amount of money they sought to raise, and not by the real and respective values of said property.   It was alleged that if the actions of the board of trustees were allowed to stand, plaintiffs would be compelled to pay their taxes at the increased valuation, to their damage in the sum of $2,000, wherefore they prayed for a writ of injunction, restraining said board from making any increase in the valuation as fixed for state and county purposes, and that they be further restrained from creating any debt in excess of the funds available for that year under the valuation fixed for state and county purposes.

Defendants answered, and upon a hearing the writ was refused, and plaintiffs appeal.

[1, 2] The extra funds, against the levy for and collection of which this suit was brought, were required, in the main, to build a teacher's home. The evidence showed that theretofore the teachers had had trouble in finding boarding places within the district, and the trustees decided to build a home on the school property, to be used by the teachers. Funds were donated for this purpose, but it appeared that some thousand dollars in addition were necessary.   While one of the witnesses for plaintiffs stated that he would board three of the teachers, yet we cannot say that the evidence on this issue is insufficient to support the judgment. But we find that the law creating the Ingleside independent school district, Local and Special Laws passed by the Thirty-Sixth Legislature, page 116, while, containing an emergency clause, did not become effective until 90 days after adjournment of the Legislature.   The Legislature adjourned March 19, 1919. Therefore the law did not go into effect until June 17, 1919.   The district had no authority to elect a board of trustees under this act until after June 17.   In fact, the trustees, defendants below, were elected in April, 1919. Therefore that election was void, and the election so held did not vest the persons voted for as trustees with any authority.   Provisions regulating the time and place of election are mandatory, and an election held on some other day is void.   Ex parte Rodriguez, 39 Tex. 705, 776;  Davis v. State, 75 Tex. 420, 432, 12 S. W. 957;  Fowler v. State, 68 Tex. 30, 3 S. W. 255.

Therefore, irrespective of any other ques-

tion involved, we hold that the trustees acting under an election held in April, 1919, were not legally elected, and had no authority to levy or collect any taxes, or perform any of the other duties of trustees.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellees urge that, even though the law which provided for the creation of the Ingleside independent school district was not effective at the time of the election of the trustees, yet such trustees, so elected by the voters and performing the duties of the office, would be de facto officers, and that their status could not be questioned except by a quo warranto proceeding instituted by the state.

[3] In order for there to be a de facto officer there must be a de jure office. Lower Terrebonne Refining & Mfg. Co. v. Police Jury of Parish of Terrebonne, 115 La. 1019, 40 South. 443, 112 Am. St. Rep. 291; Bedingfield v. First Nat. Bank, 4 Ga. App. 197, 61 S. E. 30; Norton v. Shelby Co., 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178; Williams v. Boyington, 147 N. Y. 426, 42 N. E. 184; Beresford v. Donaldson, 54 Misc. Rep. 138, 103 N. Y. Supp. 600; Village of Canaseraga v. Green, 88 N. Y. Supp. 539; People v. Albertson, 8 How. Prac. (N. Y.) 363. Hence any attempted election of trustees prior to June 7, 1919, was a proceeding, not only irregular and informal, but void.

Motion for rehearing is overruled.