### ORTH v. BENAVIDES.

#### No. 10607.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 21, 1939.

Rehearing Denied March 15, 1939.

1082

J. W. Wilson, of Falfurrias, and E. G. Lloyd, Jr., of Alice, for appellant.

Kennedy Smith, of Raymondville, and F. G. Garza, of Falfurrias, for appellee.

MURRAY, Justice.

This is an election contest between I. J. Benavides, contestant, and M. F. Orth, contestee, for the office of County and District Clerk of Brooks County.

There are four voting precincts in Brooks County. The Commissioners' Court of Brooks County, acting as a canvassing board of the general election held on November 8, 1938, refused to consider the purported election returns from Precinct No. 3, because the same were not signed and certified by the election officers of that precinct, and declared M. F. Orth elected County and District Clerk. Benavides filed this contest and upon a hearing the court, in effect, found that the purported election returns from precinct No. 3 should be considered, and declared Benavides elected to the office of County and District Clerk. Orth has appealed.

Appellant's first contention is that this election contest was prematurely filed and should therefore be dismissed because he had not been issued a certificate of election at the time the notice of contest was served upon him and filed in court.

The evidence shows that the notice of intention to contest the election was served upon Orth after the return day of the election, but before a certificate of election had been signed by the County Judge or mailed to him.

The provisions of the statutes which bear on this matter are as follows:

Article 3032, Revised Civil Statutes, provides, in part, thus: "After an estimate of the result of an election has been made as provided for in this title, the county judge shall deliver to the candidate or candidates for whom the greatest number of votes have been polled for county and precinct officers a certificate of election, naming therein the office to which such candidate has been elected, the number of votes polled for him and the day on which such election was held and shall sign the same and cause the seal of the county court to be thereon impressed. * * *"

Article 3042 is as follows: "Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared."

When these provisions of the statutes are construed together and consideration given to each provision therein contained it becomes plain that the time to institute the contest of an election is not

before the return day of that election and not later than thirty days after such return day. It is true that in Gates v. Hays, 95 S.W.2d 1020, this Court held that a contest instituted before return day was prematurely begun, but there is nothing in that opinion which would indicate that we would hold that a contest begun before a certificate of election was issued would be prematurely brought.

■ It is important to wait until the return day of the election so that the canvassing board may have an opportunity to canvass the votes and declare the result of the election, but after the result has been declared the issuing of the certificate of election is a ministerial duty and a mere matter of form. If the date of the issuing of the certificate was the determining factor as to when a contest could be properly instituted then a · county judge, by merely delaying the issuing of a certificate of election for thirty days after the return day, could defeat, altogether, a candidate's right to contest the election. Such was never intended by the Legislature. Dean v. State ex rel. Bailey, 88 Tex. 290, 30 S.W. 1047, 31 S.W. 185.

■ Appellant next contends that in view of the fact that appellee is in fact complaining of the action of the canvassing board in not considering the alleged returns from Precinct No. 3, and not complaining of something that happened on election day, he should have pursued some other remedy, and that the statutory remedy of election contest, as provided in Art. 3041 et seq., R.C.S.1925, is not a proper method of raising such questions. We overrule this contention. The canvass of the returns is a part of the election. Leslie v. Griffin, Tex.Com.App., 25 S.W.2d 820; Ladd v. Yett, Tex.Civ.App., 273 S.W. 1006; Treaccar v. City of Galveston, Tex.Civ.App., 28 S.W.2d 276; Winder v. King, Tex.Com.App., 1 S.W.2d 587; Kincannon v. Mills, Tex.Civ.App., 275 S.W. 1083; Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012. The failure of a Commissioners' Court, or any other canvassing board, to properly declare the result of an election is a matter which may be raised in a statutory election contest.

The election returns from Precinct No. 3 were not certified to and signed by the election officers. The trial judge permitted these officers to identify the election returns from Precinct No. 3, and to testify that they were true and correctly reflected the

votes cast at the election for the office of County and District Clerk. The returns were then admitted. It is contended by appellant that this action of the trial court constitutes reversible error. We overrule this contention. It is true that Article 3026, R.C.S.1925, provides in part that "When the ballots have all been counted, the managers of the election in person shall make out triplicate returns of the same, certified to be correct and signed by them officially." And Art. 3031, R.C.S.1925, provides: "No election returns shall be opened or estimated, unless the same have been returned in accordance with the provisions of this title." It is equally true that Art. 3143, R.C.S.1925, provides that: "No immaterial error made by any officer of a primary election, or any immaterial violation of the primary election laws by an elector, shall vitiate any election held under this title, nor be the cause of throwing out the vote of any election precinct."

■ Appellant does not contend that there was any fraud in connection with the election in Precinct No. 3, nor that the ballots would have shown a different result from the unsigned election returns. His contention is that Arts. 3026 and 3031, R.C.S.1925, are mandatory. 16 Tex.Jur. p. 127, is in point: "In general it may be said that the provisions of the law with reference to returns are directory and should be liberally construed so as to give effect to the votes as actually cast. Irregularities in the returns which have not prevented the electors from a free and fair exercise of the right of suffrage and from having their votes fairly estimated, and which the law has not declared shall set aside their ballots, must be treated as informalities not vitiating the election. No principle permits of the disfranchisement of innocent voters because of the mistakes of the election officers in performing their clerical duties cast upon them in making returns."

In Leslie v. Griffin, Tex.Civ.App., 23 S.W.2d 535, 540, reversed on other grounds by the Supreme Court, 25 S.W.2d 820, we find the following able discussion of the question here under consideration: "It is now well settled that the provisions of the law prescribing the conduct of elections and regulating the character and manner of the returns, and how and when same shall be made, are only directory and not mandatory; and that irregularities in carrying out same, unless such irregu-

larities result in tampering with the returns, or have prevented the voters from a free exercise of their suffrage, shall not vitiate such election. No such results are even hinted at in this case. The only irregularity shown was that the envelope in question was not sealed. In all other respects the returns were regular and in compliance with the law. Article 3031, under which the canvassing board rejected the returns from the Weslaco box, is not new. It was enacted in 1883, and has been brought forward in every revision of the statutes since that time. It is general in its terms, and requires only a substantial compliance with the provisions of title 50. With this article then in force the Supreme Court, as far back as 1887, in Fowler v. State, 68 Tex. [30], 35, 3 S.W. 255, 257, laid down the rule above stated, wherein numerous irregularities appeared in connection with the returns, after holding that such matters constituted mere irregularities and informalities not disfranchising the voters, the court said: 'Electors must not be deprived of their votes on account of any technical objection to the manner in which the election has been held, or for any misconduct on the part of its presiding officers, if these have not affected the true result of the election. * * * This would be to deprive the citizen of a great constitutional privilege for a mere informality,—to place it within the power of a few persons to defeat the right of suffrage altogether. The very means provided to insure a fair and proper election might become an instrument of fraud and dishonesty. Hence, all such irregularities of the officers in the conduct and return of the election as have not prevented the electors from a free and fair exercise of the right of suffrage, and from having their votes fairly estimated for the candidate of their choice, and which the law has not declared shall set aside their ballots, must be treated as informalities not vitiating the election. This principle is to be taken with the qualification that it must be made to appear that the neglect or misconduct of the officers has not, in the particular case, prevented an honest and fair election.' "

The trial court properly received the election returns of Precinct No. 3, in evidence, after they were shown to be true and correct. Bass v. Lawrence, Tex. Civ.App., 300 S.W. 207; Hewitt v. Mays, Tex.Civ.App., 253 S.W. 610; Mecaskey v. Ratliff, Tex.Civ.App., 159 S.W. 115;

Ramsay v. Wilhelm, Tex.Civ.App., 52 S. W.2d 757; Scurlock v. Wingate, Tex.Civ. App., 283 S.W. 307; Hooker v. Foster, Tex.Civ.App., 19 S.W.2d 911; Fowler v. State, 68 Tex. 30, 35, 3 S.W. 255.

The decision we have here reached is in no way in conflict with Griffith v. State ex rel. Ainsworth, Tex.Civ.App., 216 S.W. 469. In that case the election returns were not shown to be true and correct, and we feel that the opinion rather indicates that if such had been shown the returns could have properly been received in evidence.

The judgment of the trial court will be affirmed.

SMITH, C. J., did not participate in the decision of this case.