

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-4198
Re: Authority of the Board of Trus-
tees of an Independent School District
to create by resolution a Junior Col-
lege District with boundaries cotermi-
nous with those of the Independent
School District and related questions.

We are in receipt of your letter of October 31,
1941, requesting our opinion on certain questions arising
our of the facts hereinafter stated.

The facts are that in the year 1928 the City of
San Angelo, which then had control of its public schools
built a Junior College and put the same in operation that
year. Such Junior College, known as the San Angelo Junior
College, has from that time on been operated and conducted
continuously and during all such times has been recognized
as a standard Junior College by the State Department of Ed-
ucation, and during all such times there has been no change
in the status of said Junior College except that on March
24, 1936, the qualified electors of the City of San Angelo
duly voted to separate the public schools of the City of
San Angelo from municipal control and after such date such
Junior College was operated by the San Angelo Independent
School District which was created as a result of such elec-
tion.

Question No. 1 reads as follows:

"Does the Board of Trustees of the San Angelo
Independent School District have authority to cre-
ate by resolution a Junior College District with
boundaries the same as the boundaries of the San
Angelo Independent School District which will be a
legal entity separate and apart from the San Angelo
Independent School District but under the control
of the Board of Education of said San Angelo Inde-
pendent School District?"

The authority for the establishment of Junior College
Districts by an Independent School District or city which has
assumed control of its schools is found in Chapter 290, Acts

of the Forty-first Legislature, Regular Session, and carried
forward as Article 2815h of Vernon's Annotated Civil Statutes.
Section 2 thereof reads as follows:

"When it is proposed to establish a Junior
College District as above provided, a petition
praying for an election therefor, signed by not
less than five per cent of the qualified taxpay-
ing voters of the proposed territory shall be
presented to the Board of Education of the dis-
trict or city. It shall thereupon become the
duty of the Board so petitioned to pass upon the
legality of the petition and the genuineness of
the same. It shall then be the duty of the
Board to forward the petition to the State Board
of Education."

Section 3 provides that following the approval by the
State Board of Education as contemplated by Section 2, the
Board of Education of the Independent School District should
then enter an order for an election to be held in the proposed
territory within a time not less than twenty days and not more
than thirty days after such order is issued to determine whe-
ther or not such Junior College District shall be created. Such
order shall contain a description of the metes and bounds of such
Junior College District to be formed, and shall fix the date for
such election. If a majority of the votes cast by the qualified
property taxpaying voters of such district shall be in favor of
the creation of a Junior College District the same shall be
deemed to be formed and created, and said Board of Education
shall within ten days make a canvass of the returns and declare
the results of the election, and such results shall be entered
upon the Minutes of the Board of Education of the Independent
School District.

Section 4 provides that the Board of Education of such
Independent School District shall be the governing body of such
Junior College District.

Section 5 provides that the Board of Trustees of Junior
College Districts shall be governed in the establishment, manage-
ment and control by the general law governing the establishment,
management and control of Independent School Districts insofar as
the general law is applicable.

Section 16 reads in part as follows:

"Any public Junior College now organized and
conducted in the State of Texas which had been

actually in operation prior to January 1, 1929, or which is recognized as a standard Junior College by the State Department of Education, is hereby validated and may, by action of its Board of Trustees, choose to be governed by the provisions of this Act, and receive the privileges of the same at any time that it may desire to do so. ****"

It will be observed that prior to the enactment of Chapter 290 by the Forty-first Legislature, Regular Session, there was no law authorizing the creation of Junior Colleges and the Legislature apparently intended by the adoption of Section 16 to confirm the action of Independent School Districts and cities in having undertaken to establish and operate Junior Colleges without express authority of law. Section 16 certainly, in part, is a validating provision and to that extent such measure is necessarily restospective and should be so construed. We think that the law is well settled on this point. A validating act is one enacted for the purpose of confirming rights arising out of past transactions. In other words, the object of such an Act is to give effect to the intention of parties to enable them to carry into effect that which they have designed and attempted but which failed of its expected legal consequences only by reason of some statutory disability. See Hunt County vs. Rains County, 7 S.W.(2d) 648.

A Junior College District authorized by this Act, supra, is required to be created in the manner prescribed, but as to those certain Junior Colleges which existed prior to its enactment, the law through the adoption of Section 16, in effect, empowered the Boards of Trustees of such Junior Colleges to create a Junior College District by simple resolution. The language used however merely provides that following the adoption of such resolution a Junior College could thereafter enjoy the privileges conferred on other Junior College Districts formed pursuant to the Act. We think the ultimate effect of Section 16 is to create a Junior College District but in the instant matter it will be seen that the Board of Trustees as it existed did not avail itself of the authority conferred by Section 16. On the contrary by legal procedure the entity was changed in 1936, and in our opinion such change has precluded the Board of Education of the new entity, the Independent School District, from obtaining the benefits accorded by Section 16 to the prior Board, namely, the governing body as it existed while the San Angelo Schools were under the control of the city.

In our opinion the proposed Junior College District must be established in the manner provided by Sections 1, 2,

3 and 5 of Chapter 290 of the Acts of the Forty-first Legislature, Regular Session, carried forward as Article 2815h of Vernon's Annotated Civil Statutes.

Having concluded that the Junior College District cannot be created by resolution of the Board of Trustees of the Independent School District, it renders an answer to Questions Numbers 2 and 3 unnecessary.

Your fourth question reads as follows:

"Does the Board of Trustees of the San Angelo Independent School District have authority to order an election upon proper petitions and submit to the qualified voters of said district three propositions, namely:

"1.    Shall the San Angelo Junior College District be created with boundaries coextensive with the boundaries of the San Angelo Independent School District?

"2.    Shall a tax not in excess of the statutory limit be levied by such district for Junior College purposes?

"3.    Shall such Junior College District issue its bonds in the aggregate sum of $200,000 for the purposes set forth in Section 7, of Article 2816h, R.S. 1925 (as amended)?"

Section 5 of Article 2815h of Vernon's Annotated Civil Statutes confers upon the Board of Trustees of the San Angelo Independent School District the dual capacity of governing body of the Independent School District and the Junior College District when same is created, but until it is legally established such a district, of course, can have no governing board. There can be no governing board de facto or de jure in a non-existent offict. In other words, where there is no office there can be no officer. See Gray, et al. vs. Ingleside Independent School District, et al., 220 S.W. 350. Also Texas Jurisprudence, Vol. 34, Sections 161 and 162.

In our opinion the Board of Trustees of the San Angelo Independent School District has no authority to order an election for any purpose with reference to the Junior College District except for the creation thereof as is provided by Section 2 of Article 2815h of Vernon's Annotated Civil Statutes, and as is illustrated by proposition number one in your fourth question.

Following the legal establishment of the Junior College District and the assumption of the duties as governing body of such district the Board may then exercise the powers conferred by law.

It is our opinion that the last two stated propositions may be submitted to the voters only after the Junior College District has been created and the governing body thereof has assumed its duties.

Accordingly, this question must be answered in the negative.

APPROVED NOV 19, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CEC-s:wb

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe,
                    Assistant