

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

February 5, 1948

Hon. L. A. Woods,
State Superintendent,
Department of Education,
Austin, Texas

Opinion No. V-494

Re: The validity of a
school bond elec-
tion on February
21, 1948, since the
poll tax rolls will
not be compiled be-
fore April 1st, 1948.

Dear Sir:

We refer to your letter of January 24, 1948 in which you submit the following:

"1. The Fort Worth Board of Education has called a bond election for February 21st, 1948.

"2. Certain Fort Worth attorneys have advised the Board that such election cannot be valid because of the absence of a poll tax list as required by Article 2975 of the Revised Civil Statutes of Texas. The poll tax list will be absent because the tax office cannot complete it before April 1st, 1948.

"3. Will the election be valid should it be held without such a list having been furnished by the Collector?"

You have informed us that the boundaries of Fort Worth Independent School District do not coincide with the boundaries of the City of Fort Worth, by reason of which we assume that such district boundaries are not coincident with the boundaries of the voting precincts.

The poll tax receipt and exemption records in the office of the county tax assessor-collector of a county contain the names of those who have paid poll taxes or obtained exemption certificates in each election

precinct of the county, separately. It is not stated in those records whether the poll tax payer or exemption certificate holder resides in any school district, by reason of which no certified list of the voters in the Fort Worth Independent School District, as such could be furnished to the election officials of such district by such county officer based upon the records of his office.

It is elementary that the law does not require an officer to certify that things exist or are disclosed by his records which things are not so disclosed.

The pertinent parts of Article 2955, V.C.S. read:

"... provided that any voter who is subject to pay a poll tax under the laws of this State, shall have paid said tax before offering to vote at any election in this State and holds a receipt showing that said poll tax was paid before the first day of February next preceding such election; and, if said voter is exempt from paying a poll tax and resides in a city of ten thousand (10,000) inhabitants or more, he or she must procure a certificate showing his or her exemptions as required by this title. .. The provisions of this Article as to casting ballots shall apply to all elections including general, special and primary elections." (Emphasis added)

Article 2785, V.C.S., provides for elections to determine the proportion of the levy of such tax or the issuance of school bonds. The pertinent part of that article reads: "... said election shall be held and conducted as provided by law for general elections, except as provided herein." (Emphasis added)

Fort Worth Independent School District was created by House Bill No. 528, Chapter 230, Local and Special Laws, Acts 1925, 39th Legislature, page 674, with full powers to call and hold elections for the issuance of bonds.

There is no requirement that its election officials be furnished a list of poll tax payers.

The provisions of Articles 2955 and 2785, V.C.S. pertain to the method of conducting elections, such as casting and counting ballots and making returns.

Article 2975 requires County Tax Collectors to "deliver to the Board certified lists of citizens in each precinct who have paid their poll tax or received their certificates of exemption" before April 1st of each year.

In Schrock v. Hylton, 133 S. W. (2d) 175, the Court quoted and approved other cases as follows:

"So, for the purpose of this opinion, assuming that the election was held under and governed by the provisions of the general election laws of the State of Texas, which evidently was not the case, by virtue of the above statute, Art. 3054, supra, the burden of proof rested upon contestants to show that a poll list at the polling place would have materially changed the result of the election, or that the absence of such list did materially change the result; thus, in the absence of such showing, the failure of the election officers to have a certified list at the polling place at the time the election was held, becomes immaterial.

"In State ex rel. Paggi v. Fletcher, Tex. Civ. App., 50 S. W. 2d 450, 452, in an election-contest, among other assignments of error, the contention was made, as here, to void the election, that a list of voters was not furnished the election officers in compliance with Art. 2975, R.S. The court said: 'Because the voting lists furnished the election judges failed to furnish all the information prescribed by article 2975, appellants insist that the election was absolutely void * * * In support of their proposition appellants cite Yett v. Cook, 115 Tex. 205, 281 S.W. 837, and articles 2975, 3005, and 3012

of the Revised Statutes. While it is true
that the Supreme Court, in Yett v. Cook, dis-
cussed the office of the list of voters pro-
vided for by article 2975 and in effect held
that the provisions of this article were mand-
atory, the facts of that case have no relation
to the facts of this case, and what was said
there can throw but little light on the propo-
sition before us. * * * To have relief because
its provisions were not complied with, appel-
lants rested under the burden of alleging and
proving "injury," which was not done. The
right to vote is a constitutional right, and
while the Legislature has the power to estab-
lish rules regulating this right, such regu-
lations should generally be given a liberal
construction to effectuate the constitutional
right of suffrage. Regulations which, from
their very nature, are deemed absolutely es-
sential to accomplish the purposes of consti-
tutional suffrage, are deemed mandatory; such
as, that voting shall be by ballot, that it
shall take place on a certain day within cer-
tain precincts, etc. But regulations that are
nothing more than mere directions for holding
the election are considered merely formal in
character and should be construed as directory.
This is the clear holding of the Supreme Court
in McKinney v. O'Connor, 26 Tex. 5, and Fowler
v. State, 68 Tex. 30, 3 S. W. 255; also of
this court in State (ex rel. Pace) v. Logan
(Tex. Civ. App.) 5 S. W. 2d 247, and Scurlock
v. Wingate (Tex. Civ. App.) 283 S.W. 307. See,
also, Turner v. Teller (Tex. Civ. App.) 275
S.W. 115; Bass v. Lawrence (Tex. Civ. App.) 300
S. W. 207 . . .

"The decisions cited on the question of
whether the provisions of the law, relative to
election officers having a properly certified
list of the qualified voters or of the polls,
are mandatory or directory, are clearly in fa-
vor of the rule that, the failure of either the
voters or election officers to perform their
respective duties at the polls according to the
letter of the statute, where such failure has
not prevented a fair election, is immaterial and

not ground to set aside an election otherwise
fairly held. In McCrary on Elections, 4th Ed.
1 724, the author says:  'The justice of this
rule is apparent, and it may be said to be the
underlying principle to be applied in determin-
ing this question.  The requirements of the law
upon the electors are in the interest of pure
elections, and should be complied with at least
in substance, but to disfranchise the voter be-
cause of the mistakes or omissions of election
officers would be to put him entirely at the
mercy of political manipulators.  The perform-
ance by the election officers of the duties im-
posed upon them can be reasonably well secured
by providing a penalty for failure so to do.'"
(Emphasis added)

It will be noted that the list to be compiled
by the county tax collector under the provisions of Arti-
cle 2975 must be delivered before the first day of April
of each year.  In other words, the tax collector has until
such date to deliver the list, and the statute would not
be violated if such list were not delivered until the last
day of March.  Therefore, if an election is to be held un-
der appropriate statutory provisions after January 31st
and before April 1st, and the list has not been delivered,
then Article 2975 could have no application or bearing on
such election.

We are of the opinion that failure of the As-
sessor and Collector of Taxes for Tarrant County to fur-
nish election officials in a school bond election in Fort
Worth Independent School District with a certified list of
voters in said district will not invalidate such election.

Opinions Nos. O-1178 and O-3350 by a former
Attorney General, and Opinion No. V-220 by us are perti-
nent to your inquiry, and a copy of each of them is en-
closed for your information.  Said Opinion No. O-1178 holds

Hon. L. A. Woods - Page 6   (V-494)

that Article 2955v, V.C.S., which requires Tax Assessors to furnish election officials with a list of property tax-payers, is void.  That opinion is in accord with the cases of Lucchese v. Mauermann, 195 S.W. (2d) 422, ref. n.r.e., certiorari denied, 67 S. Ct. 633, and Border v. Abell, 111 S.W. (2d) 1186.  Said Opinions Nos. O-3350 and V-220 pertain to the qualification of voters in such elections.

SUMMARY

Failure of the County Assessor and Collector of Taxes to furnish election officials in a school district bond election with a list of holders of poll tax receipts and exemption certificates in such school district will not invalidate such election.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
W. T. Williams
Assistant

WTW:wb
Encls.

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL