# FOURTH DISTRICT, OCTOBER, 1897.

### H. L. DAVIS v. J. R. HARPER.

Delivered October 20, 1897.

**1. Contested Election—Evidence—Mistake in Ballot.**

Evidence that the middle initial of the name of a candidate for office as it appeared on the printed ballot was used by mistake, instead of the proper initial, is admissible in a contest over the office, against the objection that parol testimony should not be admitted to vary or contradict the plain and unambiguous terms of the ballot, such mistake being alleged in the pleadings.

**2. Same—Secrecy of Ballot.**

The offer in a suit to recover an office, to identify the voters by the introduction of the numbers of the tickets and the poll list containing corresponding numbers, should be restricted to the votes alleged to have been illegally cast, as there is no necessity for removing the secrecy of the ballot from the other votes.

**3. Same—Primary Evidence Not Requisite, When.**

A witness who, in the presence of the jury, has counted the ballots cast for an office, which are numerous, may testify as to how many of the ballots had a certain name written thereon in pencil, as, where the evidence is the result of the examination of numerous papers, the rule requiring primary proof will be relaxed.

**4. Same—Burden of Proof.**

The burden of proof is upon plaintiff in an action to recover an office from the rival candidate, who was declared elected, to establish that the latter is unlawfully in the possession of the office.

**5. Same—Presumption Not Overcome.**

The presumption that 1000 or more voters out of a total of 3700, who cast ballots upon which by mistake a wrong middle initial in the name of a candidate for county judge was printed, intended to vote for such candidate, arising from the fact that he was the only candidate for the office having that surname, is not overcome by evidence that his brother, whose initials exactly corresponded to those printed in the defective ballots, resided in the county, and was more widely and perhaps more favorably known than the candidate, it appearing that the brother was not admitted to the bar until after the election, and was not a candidate.

APPEAL from El Paso.   Tried below before Hon. C. N. BUCKLER.

*J. M. Dean*, for appellant.—1.   A ballot is a written instrument, and parol proof is not admissible to vary or contradict the same when there is no ambiguity, defect, or uncertainty upon its face.   Williams v. State, 69 Texas, 372; Shields v. McGregor, 4 S. W. Rep., 266; Davis v. State, 75 Texas, 429; Ex Rel. Cremer v. Steinborn, 66 N. W. Rep., 798; People v. Tisdale, 1 Douglas (Mich.), 59; Rutledge v. Crawford, 91 Cal., 531; State v. Moffit, 5 Ohio (Ham.), 363; People v. Saxton, 22 N. Y., 310, 311; People v. Seamans, 5 Denio (N. Y.), 409; Cool. Const. Lim., 611, 769; McCreary on Elections, sec. 396.

2.   The purpose of the law in requiring a poll list to be kept in which the name of each voter should be placed with a number opposite thereto,

which should be the same as the number placed upon the ballot of each voter then and there deposited in the ballot box, was in case of contest to show who cast such ballot, and whether such voter was under the law entitled to cast the same. State v. Connor, 86 Texas, 141; Lankford v. Gebhart, 130 Mo., 621; 51 Am. St. Rep., 585.

*Millard Patterson,* for appellee.—1. The evidence introduced by the contestee was admissible to establish the fact that the ballots in evidence cast at the election for the office of county judge, bearing the name "J. H. Harper," were so printed or written through a mistake, and were voted through a mistake, the persons casting the same intending to vote for J. R. Harper, the Democratic candidate for county judge. Davis v. State, 75 Texas, 429; 6 Am. and Eng. Encyc. of Law, 346; Cool. Const. Lim., 5 ed., *609; People v. Cook, 14 Barb., 259, 8 N. Y., 67; State v. Gates, 43 Conn., 533; Atty. Gen. v. Ely, 4 Wis., 420; McKinnon v. People, 110 Ill., 307; Talkington v. Turner, 71 Ill., 236; Clark v. Robinson, 88 Ill., 508; Gumm v. Hubbard, 97 Mo., 311; 10 Am. St. Rep., 512; People v. Cicott, 97 Am. Dec., 143; State v. Smith, 57 Am. Dec., 237; Milk v. Christy, 1 Hill., 123; State v. Bowman, 43 N. W. Rep., 302.

2. As 3704 ballots were inspected and counted in the presence of the court and jury, and the evidence was voluminous, it was proper to have the record show on about how many of the ballots the name "J. H. Harper" appeared printed, and the character of the ballots on which it appeared. 1 Jones on Ev., sec. 205 (citing Burton v. Diggs, 20 Wall, 136; Holbrook v. Jackson, 7 Cush., 136, and Steph. on Ev., art. 71); 1 Greenl. on Ev., sec. 93; Mas. Mut., etc., v. Lockland, 10 S. W. Rep., 895.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant to recover from appellee the office of county judge. The trial, before a jury, resulted in a verdict and judgment for appellee.

The facts show that at the November election of 1896, appellant and appellee were the only avowed candidates for the office of county judge of El Paso County. Each had been nominated by his political party. Just before the election a number of tickets were printed, on which was the name of J. H. Harper as a candidate for county judge. There was a man by that name living in El Paso, a brother of appellee, but who was not a candidate for any office. There were 3704 votes cast in the county, and of that number 1534 were cast for L. H. Davis, appellant, 1175 for J. R. Harper, 980 for J. H. Harper, 10 for Harper, 2 for Mrs. Smith, and one each for George Harper, J. Harper, and Harris. The Commissioners Court counted 1508 of the votes for appellant, 1799 for appellee, 382 for J. H. Harper, and 2 for Mrs. Smith. The tickets on which was the name of J. H. Harper were not printed with his knowledge or consent.

The sixth assignment of error complains of the admission of the testimony of Eastburn, Hart, and Buckler, to the effect that there was an error or mistake in the tickets in using the initials "J. H." instead of "J. R." The ground of objection to the evidence was "that parol testimony

should not be admitted to vary or contradict the plain and unambiguous terms of the written instrument, to wit, the ballot." It was alleged that there had been a mistake in printing and voting the tickets containing the name of J. H. Harper, and testimony to establish the truth of the allegation was admissible. The evidence was not objected to on the ground that a mistake made by those printing the tickets was immaterial, and that it failed to show that there was a mistake made by the voters.

It was not error to refuse to allow the numbers of the tickets and poll list for the identification of voters to be introduced in evidence. If illegal votes were cast for appellee, as alleged by appellant, they should have been named, and the evidence confined to them. There was no propriety in, nor necessity for, removing the secrecy of the ballot from all the votes. There was no attempt to identify any illegal voter.

J. M. Dean, a witness for the contestant, having testified that J. H. Harper was not licensed to practice law before the election, and that he did not know of his being a practicing lawyer before the election, and the parties having admitted that he was admitted to the bar after the election, we fail to see the force of the complaint about the testimony of J. R. Harper to the same effect.

The testimony of Judge Buckler that he did not have any purpose or intention in having the tickets printed with the name of J. H. Harper was immaterial, and worked no injury to appellant. The tickets, having all been inspected and counted in the presence of the jury, and the ballots being numerous, it was not improper to permit a witness to testify as to how many of the ballots had the name of J. H. Harper written in pencil. Where the evidence is the result of an examination of numerous papers, the rule requiring primary proof will be relaxed. Greenl. on Ev., sec. 93; Taylor on Ev., sec. 462; Rice on Ev., sec. 151; Burton v. Driggs, 87 U. S., 125.

The effect of special charges numbered 1 and 2, asked by appellant, would have been to have instructed a verdict for appellant, which in our opinion was not justified by the facts. We are of the opinion that there was no error in the portions of the charge of which complaint is made.

We have examined the record and find no error that would demand a reversal, and if there be any evidence to support the verdict of the jury, it follows that the judgment must be affirmed.

The burden of proof rested upon the contestant to establish the fact that the contestee was unlawfully in possession of the office of county judge. When it appeared from the evidence that appellee was the only candidate, named Harper, for the office of county judge, and that a majority of the votes had been cast for that name, that the name was in every instance associated with a certain county ticket, notwithstanding different middle initials had been used on the ballots, a prima facie case was made out for the contestee. To destroy this case it was proved that there lived in El Paso County a brother of appellee, who was more widely and perhaps more favorably known than appellee, who bore the name of "J. H. Harper." Upon these facts it is urged that the inference should

.be indulged that nearly 1000 voters out of 3700 had voted intentionally for a man·not seeking the office. This man was shown not to have been a candidate, not to have solicited votes, and not to have been nominated by any kind of convention for the office. The presumption that the voters were voting for the candidate, and not someone else, was not destroyed by the evidence, and we think there was testimony to support the verdict. Behrensmeyer v. Kreitz (Ill.), 26 N. E. Rep., 705.

The judgment will be affirmed.

*Affirmed.* ·

Writ of error refused.