Itasca Independent School District et al. v. E. A. McElroy et al.

No. 2055.   Decided December 15, 1909.

**Constitution—Adoption of Amendment—Election.**

The result of an election for the adoption of a constitutional amendment submitted by the Legislature is to be determined by the majority of the votes cast for or against the adoption of such amendment, without reference to the number of votes cast at such election for state officers or upon other issues (Constitution, art. 17).

Questions certified from the Court of Civil Appeals for the Fifth District in an appeal from Hill County.

*Ivy, Hill & Greenwood,* for appellants.—Where it is provided by law that a proposition shall be submitted to the voters, and those favoring it shall cast an affirmative vote, and those opposed, a negative vote, and that a majority of the votes given is necessary to the adoption of the measure, then the only votes to be considered in determining the result are those cast on the particular question; especially is this true, when there is no express provision of law to the contrary. Although the proposition was submitted in a general election and although the highest number of votes were on some other question or for some candidate, it would make no difference. Green v. State Board of Canvassers (Idaho), 47 Pac., 259; State ex rel. Larabee v. Barnes, 55 N. W., 883; Gillispie v. Palmer, 20 Wis., 544; Bott v. Secy. of State, 62 N. J., 107, 45 L. R. A., 251; Howland v. San Joaquin Co. Sup., 109 Cal., 152; Const., art. 4, sec. 3;

Rev. Stats., arts. 1760, 1761; Sec. 36, Election Law, 29th Legislature, 529; South Bend v. Lewis, 138 Ind., 512; Montgomery Co. Fiscal Ct. v. Trimble, 42. L. R. A., 738; State ex rel. Little v. Langlie, 32 L. R. A., 723; Marion Co. Coms. v. Winkley, 29 Kan., 36; Cass County v. Johnson, 95 U. S., 360; Walker v. Oswald, 68 Md., 146; Smith v. Proctor, 130 N. Y., 319, 14 L. R. A., 403; May v. Bermel, 20 N. Y., App. Div., 53; Schlichter v. Keeter, 156 Pa., 119, 22 L. R. A., 161; Bishop v. State, 149 Ind., 223, 39 L. R. A., 278, 1040; South Bend Case, 138 Ind., 993; Carroll County v. Smith, 11 U. S., 556.

*R. V. Davidson,* Attorney-General, and *C. A. Leddy,* Special Assistant, also for appellants.—A constitution which provides that an amendment should be declared adopted where it receives a majority of the votes cast is fully complied with when a majority of those voting on that question vote in favor thereof. Alley v. Denison, 8 Texas, 297; Cass County v. Johnston, 95 U. S., 360; Douglas v. Pike County, 101 U. S., 677; Board v. Smith, 111 U. S., 556; Knox County v. National Bank, 147 U. S., 99; Gillespie v. Palmer, 20 Wis., 544; Dayton v. City of St. Paul, 22 Minn., 400; Green v. Board (Idaho), 47 Pac., 259; State v. Barnes, 3 North Dakota, 319; Bott v. Secretary of State, 45 L. R. A., 251; Smith v. Proctor, 130 N. Y., 319, 14 L. R. A., 403; May v. Bermel, 20 N. Y., App. Div., 53; Sanford v. Prentice, 28 Wis., 358; Howland v. Board, 109 Calif., 152; Fiscal Court v. Trimble, 42 L. R. A., 738; State v. Langlie, 5 N. Dak., 294, 32 L. R. A., 723; State v. Winkley, 29 Kan., 36; State v. Echols, 41 Kan., 1; Taylor v. Taylor, 10 Minn., 107; Citizens, etc., v. Williams, 49 La. Ann., 437, 37 L. R. A., 768; Taylor v. McFaden, 84 Iowa, 269; People v. Town Clerk of Harp, 67 Ill., 62; Dunnovan v. Green, 57 Ill., 67; State v. Padgitt, 19 Fla., 339; Louisville & N. R. Co. v. Davidson County Court, 1 Sneed, 637, 62 Am. Dec., 452; Madison County v. Priestley, 42 Fed., 817; Oldknow v. Wainwright, 2 Burrows, 1017; Gosling v. Vealy, 7 Q. B., 406; Rushville Gas Co. v. City of Rushville, 121 Ind., 206, 6 L. R. A., 315; State v. Dillon, 125 Ind., 65; Mobile Savings Bank v. Board of Supervisors, 22 Fed., 580; State v. Mayor, 37 Mo., 272; State v. Binder, 38 Mo., 455; Metcalf v. City of Seattle, 1 Wash. St., 297; Yesler v. same, 1 Wash. St., 308; Lamb v. Cain, 129 Ind., 486, 14 L. R. A., 518; State v. Vanosdal, 131 Ind., 338, 15 L. R. A., 832; City of South Bend v. Lewis, 138 Ind., 512; Railway Company v. Hardin, 137 Ind., 386; Schlichter v. Keiter, 156 Pa. St., 119; 22 L. R. A., 161; Kuns v. Robertson, 154 Ill., 394.

Where the manner of exercising a given power is prescribed by the constitution, the method thus designated is exclusive. State v. Barnes, 24 Fla., 29; Holland v. State, 15 Fla., 553; Field v. The People, 3 Ill., 79; Fletcher v. Oliver, 25 Ark., 289; Page v. Allen, 58 Pa. St., 338, 89 Am. Dec., 272; Opinion of Justices, 18 Me., 458.

When both executive and legislative departments have by practical construction of a constitutional provision accepted and acted upon it as having a certain meaning, the conclusion so reached will be

accorded great weight by the judiciary when called upon to construe the law and will in general control whenever the question is doubtful or open to reasonable doubt. Fairbank v. United States, 181 U. S., 283; State v. McAlester, 88 Texas, 286; Levini v. United States, 128 Fed., 826; City of Fort Worth v. Davis, 57 Texas, 225; Nye v. Foreman, 215 Ill., 285; Wallace v. Board of Equalization, 86 Pac., 365; State v. New Orleans Ry. & L. Co., 116 La., 144; State v. Galusha, 104 N. W., 197; County of Denver v. Board of Commissioners, 77 Pac., 858; Epping v. City of Columbus, 117 Ga., 263; State v. Tingey, 67 Pac., 33; Board of Ry. Coms. of California v. Market St. Ry. Co., 132 Cal., 677; Frost v. Pfeifer, 58 Pac., 147.

*Morrow & Smithdeal,* for appellees.—The amendment to article 3, section 7, of the Constitution of the State, having been submitted to a vote of the people at a general election, at which there were cast 300,743 votes, and there having been cast for said amendment 130,402 votes, it did not receive a majority of the votes cast, although there were cast against it only 52,077 votes. State v. Babcock, 17 Neb., 188; Bank v. Sanders, 51 Neb., 801; State v. Foraker, 46 Ohio St., 677; State v. Powell, 77 Miss., 545, 48 L. R. A., 625; State v. Swift, 69 Ind., 505; In re Denny (Ind.), 59 N. E., 360; Rice v. Palmer (Ark.), 96 S. W., 396; People v. Town of Berkeley, 102 Cal., 298, 23 L. R. A., 838; People v. Brown, 11 Ill., 478; People v. Garner, 47 Ill., 246; People v. Wiant, 48 Ill., 263; Chestnutwood v. Rood, 68 Ill., 132; Belknap v. City of Louisville, 99 Ky., 474, 34 L. R. A., 256; Stebbins v. Judge, 108 Mich., 693; Bayard v. Kling, 16 Minn., 249; Everet v. Smith, 22 Minn., 53; Singerland v. Norton, 59 Minn., 351; Smith v. Board, etc., 64 Minn., 16; State v. Winkelmeyer, 35 Mo., 103; State v. Sutterfield, 54 Mo., 391; State v. Mayor, etc., 73 Mo., 435; State v. Francis, 95 Mo., 44; State v. McGowan, 138 Mo., 187; State v. Lancaster Co., 6 Neb., 474; State v. Babcock, 17 Neb., 188; State v. Bechel, 22 Neb., 158; State v. Anderson, 26 Neb., 517; State v. Van Camp, 36 Neb., 91; Bryan v. City, etc., 50 Neb., 620; Bank v. Sanders, 51 Neb., 801; Enyart v. Trustees, 25 Ohio St., 618; State v. Foraker, 46 Ohio St., 677, 6 L. R. A., 422; Sanford v. Prentice, 28 Wis., 358.

Whether or not a constitutional amendment has been adopted and become a part of organic law is a question which the judicial branch of the State has a right to determine, and its right to determine it can not be forestalled by the certificate of any executive officer. Rice v. Palmer, 96 S. W., 396; State v. Powell, 27 So., 928; State v. McBride, 4 Mo., 303, 29 Am. Dec., 636; University of N. C. v. McIver, 72 N. C., 76; Westinghouse v. People, 44 Mich., 265; State v. Timme, 54 Wis., 318; Oakland Paving Co. v. Hilton, 69 Cal., 479; Prohibitory Amendment Cases, 24 Kan., 700; Secombe v. Kittleson, 29 Minn., 555; Bott v. Wurts (N. J. Err. & App.), 45 L. R. A., 251; Collier v. Frierson, 24 Ala., 108; Koehler v. Hill, 60 Iowa, 443.

*D. B. Chapin* and *Clark, Bliss & Lytle,* also filed argument for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The question presented by the certificate from the Court of Civil Appeals for the Fifth District, is as follows:

"Was the constitutional amendment relating to public schools, which was voted on at the general election in 1908, adopted as prescribed by article 17, section 1, of the Constitution of this State; in other words, did it require a majority of all the votes cast in said election to legally ratify and adopt said amendment or was a majority of the votes cast thereon sufficient for such purpose?"

The case is sufficiently stated in the certificate to show that it involves the question certified, and the statement need not be repeated here.

The amendment to the Constitution referred to was voted upon at the time of the general election for the officers of the State Government, and it received a majority of all the votes cast for and against it, but not a majority of all votes cast in the election for Governor. The procedure for the amendment of the Constitution is prescribed in article 17 of that instrument, as follows:

"The Legislature, at any biennial session, by a vote of two-thirds of all the members elected to each house, to be entered by yeas and nays on the journals, may propose amendments to the Constitution, to be voted upon by the qualified electors for members of the Legislature, which proposed amendments shall be duly published once a week for four weeks, commencing at least three months before an election, the time of which shall be specified by the Legislature, in one weekly newspaper of each county in which such a newspaper may be published; and it shall be the duty of the several returning officers of said election to open a poll for, and make returns to the Secretary of State of the number of legal votes cast at said election for and against said amendments; and if more than one be proposed, then the number of votes cast for and against each of them; and if it shall appear from said return that a majority of the votes cast have been cast in favor of any amendment, the said amendment so receiving a majority of the votes cast shall become a part of this Constitution, and proclamation shall be made by the governor thereof."

Under this it is essential to the adoption of an amendment that it shall have received "a majority of the votes cast," and the whole question before us depends upon what is meant by that language. That is to be ascertained from the words of the entire provision, taken together and in their natural and ordinary signification. It does not leave us in doubt. If we read and understand it correctly, it prescribes a rule answering all such questions as this. It is only by looking for light to other sources than it—to the discussions by courts of other States of their constitutions and statutes, employing different and more dubious language, that we are liable to find ourselves involved in difficulty and uncertainty. If the test prescribed were no more fully defined than is done by the words quoted, "a majority of the votes cast," we might find valuable aid in the decisions of other States in determining whether the votes intended are only those cast upon the amendment or the greatest number cast in any contest. But we think it is only necessary to give proper attention to

the language of the provision itself to see that it answers the question.' What "votes cast" are meant? The provision says this is to be ascertained from "said return," a return which it has just required. What is that return? It is a statement of "the number of legal votes cast *at said election for and against said amendment;* and, if more than one be proposed, then the number of votes cast for and against each of them." Thus the fact to be found is that a majority of the votes cast have been cast in favor of the amendment. That is to be found from specified returns, which returns state only the votes for and against the amendment. We do not see that any other language would more clearly have shown that the "votes cast" referred to are those cast upon the amendment.

If we approach the point differently, by taking the requirements of article 17 in their order, we reach the same plain result. Amendments are to be submitted at "an election," the time of which is to be specified by the Legislature. This is the only election spoken of at all—the election upon the amendment. None other was in the minds of the authors of the provision, or, what is more to the point, called to the minds of the people in adopting it. The voting upon the amendment is what is here called an election. Polls are to be opened for, and returns are to be made to the Secretary of State of the votes cast at, "said election," i. e., the election previously provided for upon the amendment. That this is the only election in mind here plainly appears from the fact that the returns are to show only the votes for and against the amendment or amendments, and that the result is to be determined from those returns alone. This is the rule declared for all elections upon amendments, whether held along with other elections for other purposes or not. The test to be applied is uniform and certain, controlling every such election.

If all this could be made more plain the further provision about the proclamation would do so. These returns are to be made to the Secretary of State and are the basis for action by the Governor in proclaiming the result. Returns of elections for Governor are also made to the Secretary of State, but are to be kept and delivered, unopened, to the Speaker of the House of Representatives for a determination of the result at a time long after the result of the election upon amendments to the Constitution are expected to have been ascertained and announced. It is evident, therefore, that the returns of the election for Governor have no place in determining the result of that upon amendments. The same line of inquiry might be pursued with like result concerning returns as to other officers, but we regard it as unnecessary to pursue the discussion further in that direction.

No doubt is left upon our minds from the reading of article 17 that the words "a majority of the votes cast" refer to the vote cast upon the amendment, and that, when more than one is voted upon at the same time, the result as to each is to be determined by the votes cast for and against it. There would be more apparent reason for a contention against the proposition last stated than for that which we have been considering, that the question of the adoption of amendments may be determined by the votes polled at the same

time in an election of officers. The voting upon more than one amendment at the same time and the return thereof are here provided for, and it might be urged that, when it appears from such returns that more votes were cast for some than for others and that one or more have not received a majority of the highest vote, it is not adopted. Such a contention would, at least, raise a question to be determined by returns for which provision is made. But we think a complete answer would be found in the fact that the return is to be of the votes for and against each amendment and this is made the basis for determining the result as to each. If the highest vote upon any had been made the basis and a majority of that made necessary, the requirement would have been that the returns state the total vote polled and the number polled for each amendment. The entire provision satisfies us that that rule has been adopted which ordinarily prevails in elections and which is that the result as to a question or proposition submitted is determined by the vote given upon it and not by that upon others.

At the argument some stress was laid upon the difference between the language of the Constitution of 1869 and that of the present one, concerning the adoption of amendments, the inference contended for being that this change evidenced an intent to alter the rule as to the vote necessary to such adoption. The former Constitution required the voting for amendments to take place at general elections but made a majority of those voting upon amendments sufficient. The present Constitution, in many of its features, so differs from its predecessor that it is hardly worth while to look for reasons for differences. In this particular the difference in language is accounted for by changes other than in the rule under discussion, and that rule, to our minds, is expressed in the present Constitution as clearly as it ever was.

Counsel for the parties have shown commendable industry and ability in collecting and discussing the principles and authorities applicable to such questions, and this opinion might be indefinitely extended by going into that field; but every such decision must at last depend upon the language of the controlling constitutional or other provision and no decision has been cited of such a question raised under a Constitution worded like ours. Discussion of the decisions of other States would, therefore, simply be the discussion of questions different from that before us.

We answer that the amendment in question was adopted in accordance with the Constitution by a majority of the vote cast upon the question of adoption.