## DAVIS v. BLAKELEY.

### No. 2801.

Court of Civil Appeals of Texas.
Tenth District. Waco.

March 4, 1948.

Williford & Williford, of Fairfield, and Ellen Victery, of Teague, for appellant.

W. W. Mason, of Mexia, for appellee.

HALE, Justice.

This suit arose out of a Democratic primary election held in the City of Teague on February 7, 1948. At the election so held, Raymond Davis received 538 votes, Addison Blakeley received 450 votes and B.

F. Brannon received 78 votes, respectively, as nominee for the office of city marshal. On February 9th the Democratic Executive Committee of said city met, canvassed the returns of said election, declared the results thereof and certified the name of Davis as nominee of the Democratic party for the office of city marshal in the general election to be held on April 6, 1948. Blakeley instituted this suit against Davis, praying that such nomination be vacated and held for naught and that such election be declared void. The case was tried before the court below without a jury on February 26th, and resulted in judgment granting Blakeley the relief prayed for by him. Davis has perfected his appeal to this court.

The record of the proceedings in the court below was filed in this court on March 1, 1948 and the cause was submitted here the next day on the written briefs and oral arguments of the respective parties. Unless the cause is to become moot, it must be finally disposed of in this court on or before March 6, 1948.

The evidence adduced at the trial shows that the official primary ballot was not printed and delivered for use in connection with absentee voting until on or about February 1st. It was also shown that no poll tax list of the qualified voters in the City of Teague was prepared and furnished to the primary election judges. However, there was no evidence showing that any person who desired to cast an absentee vote was denied the privilege of doing so, or that any vote was cast in said election by any person who was not a qualified voter, as shown by the tax rolls of the county in which the election was held. On the contrary, the evidence shows that a proper ballot was furnished to each qualified elector who desired to cast an absentee vote, and that the election was fairly and honestly held.

Under the foregoing record facts, appellant says the trial court erred in rendering judgment vacating his nomination and declaring the election to be void. In support of such contention he cites, among others, the following authorities: Fowler v. State, 68 Tex. 30, 3 S.W. 255; Bass v. Lawrence, Tex.Civ.App., 300 S.W. 207 (er. dis.); State ex rel. Pace v. Logan, Tex.Civ.App., 5 S.W.

2d 247 (er. dis.); Gillaspie v. McKinney, Tex.Civ.App., 24 S.W.2d 764 (er. dis.); State ex rel. Paggi v. Fletcher, Tex.Civ. App., 50 S.W.2d 450 (er. den.); Border v. Abell, Tex.Civ.App., 111 S.W.2d 1186; Schrock v. Hylton, Tex.Civ.App., 133 S.W. 2d 175.

On the other hand, appellee says the requirements that poll tax lists be furnished to the election judges and that the official ballot be printed and delivered for use in connection with absentee voting for a minimum of 20 days prior to the date of the election are mandatory requirements and that non-compliance therewith rendered the election void, and relieved him of any duty to show that the results of said election would have been different had such requirements been met. In support of such contention he cites, among others, the following cases: Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012; Yett et al. v. Cook, 115 Tex. 205, 281 S.W. 837; Holden v. Phillips, Tex.Civ.App., 132 S.W.2d 419; Schrock v. Hylton, Tex.Civ.App., 133 S.W.2d 175; Austin et al. v. City of Alice, Tex.Civ.App., 193 S.W.2d 290; Polk v. Davidson, Tex. Sup., 196 S.W.2d 632; Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86.

■ The dominant purpose of the election laws of Texas is to protect the purity of the ballot to the end that the will of a majority of the qualified electors, when legally ascertained, shall ultimately prevail. The accomplishment of that objective is the essence of democracy as we know it under the Constitution and laws of this State.

In order to effectuate the will of the majority in the matter of selecting their public officials, the Legislature has enacted various statutes regulating both general and primary elections. Title 50, Arts. 2923–3173, Vernon's Tex.Civ.Stats. As part of such regulations Art. 2975 provides in effect that before the first day of April in every year, the County Tax Collector shall deliver to the proper persons certified lists of citizens in each precinct who have paid their poll tax or received their certificates of exemption. Art. 2956 provides for absentee voting not more than twenty days and not less than three days prior to the date of the election. Art. 3142 provides

that: "any executive committee or committeeman or primary officer, or other person herein charged, with any duty relative to the holding of the primary election, or the canvassing, determination or declaration of the result thereof, may be compelled by mandamus to perform the same in accordance with the provisions of this title."

 In view of the provisions of Art. 3142, it is apparent that the regulatory requirements of Arts. 2975 and 2956, respectively, are each mandatory in the sense that a reasonable and substantial compliance therewith may be compelled by a writ of mandamus. Most of the authorities relied upon by appellee appear to be cases in which a mandamus was being sought to enforce a compliance with some regulatory requirement of the election laws.

However, where an election has been duly called under the provisions of Art. 3164 of Vernon's Tex.Civ.Stats., and where such election has been fairly and honestly held and the will of the qualified voters has been freely and fully expressed, as was done in this case, we do not think the mere failure of the proper persons to furnish the election judges with poll tax lists or to provide official printed ballots for use in connection with absentee voting for a minimum of 20 days prior to the date of the election, renders such election void or entitles a defeated candidate therein to have a certificate of nomination in behalf of his opponent set aside without the necessity of showing that the results of the election would have been different had such requirements been met. We find no provision in the statutes expressly invalidating an election or prohibiting the counting of ballots cast therein on account of the failure of the proper persons to furnish poll tax lists or to provide ballots for absentee voting and, in our opinion, where there is no such command neither should the successful candidate be deprived of his valuable right to the nomination nor should the qualified voters in such election be disfranchised merely by legal implication. State ex rel. Pace v. Logan, Tex.Civ.App., 5 S.W.2d 247 (er. dis.) and authorities. Accordingly, we have concluded from the record before us and the authorities cited

by the respective parties in their briefs, that the trial court erred in granting to appellee the relief sought by him in this suit.

Therefore, it is the order of this court that the judgment of the court below be reversed, that judgment be here rendered denying appellee any relief by reason of this suit, that the parties to this appeal be denied the right to file any motion for rehearing herein, and that immediately upon the filing of this opinion and the entry of judgment in accordance herewith the clerk of this court shall issue mandate evidencing the judgment here rendered in favor of appellant.