

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 15, 1958

Hon. Ted Butler
County Attorney
Karnes County
Karnes City, Texas

Opinion No. WW-474

Re: Whether an elector
who is within the
county of his resi-
dence during the
period for absentee
voting, but who ex-
pects to be absent
on election day and
applies for an absen-
tee ballot on that
ground, may vote ab-

Dear Mr. Butler:                          sentee by mail.

        You have requested an opinion on the following
question:

        "A qualified elector makes application for
an official ballot to the county clerk in writing
and signed by the elector. Such application is
accompanied by the poll tax receipt or exemption
certificate of the elector, or, in lieu thereof,
his affidavit in writing that same has been lost
or mislaid.

        "May said elector at any time not more than
twenty days, nor less than three days, prior to
the date of such an election, vote an absentee
ballot without making his personal appearance be-
fore the county clerk, although said elector is
still in the county and in the precinct of his
residence at the time, and who is physically able
to make his appearance before the county clerk at
said time, but who will be absent from the county
on election day, and is it the duty of the county
clerk to mail to said elector the ballot?"

Your opinion request assumes, correctly, that an elector is entitled to vote absentee under the circumstances you have outlined, and is concerned only with the question of whether he has the choice of voting by mail instead of by personal appearance at the county clerk's office.

There have been three prior Attorney General's opinions on this question. Opinions appearing in Letters of the Texas Attorney General's Office, Volume 358, p. 241 (1934) and Volume 372, p. 643 (1936) held that either method was available. A third opinion appearing in Volume 382, p. 669 (1938) held that a voter such as you have described should vote absentee only by personal appearance at the clerk's office, without referring to the former opinions.

Subdivision 1 of Section 37 of the Texas Election Code (Art. 5.05, Subd. 1, Vernon's Texas Election Code) defines the classes of electors who are entitled to vote absentee. It reads as follows:

"Subdivision 1. Any qualified elector of this State who is absent from the county of his residence, or because of sickness or physical disability cannot appear at the poll place in the election precinct of his residence, on the day of holding any general, special, or primary election, may, nevertheless, cause his vote to be cast at such an election by compliance with one or other of the methods hereinafter provided for absentee voting." (Emphasis supplied.)

Subdivision 2 requires the elector to make an application in writing, accompanied by his poll tax receipt or exemption certificate or, in lieu thereof, his affidavit that same has been lost or mislaid, and also requires a physician's certificate if the ground of application is sickness or physical disability.

Subdivision 3 provides that "such elector making his personal appearance before the county clerk of the county of his residence and delivering to such clerk his application aforesaid," shall be entitled to receive an official ballot from the clerk.

Subdivision 4 provides that

" * * * such elector who makes written application for a ballot as provided for in Subdivision 2 hereof, shall be entitled to have his ballot cast at such an election on compliance with the following provisions:

"The application shall be mailed to the county clerk of the elector's residence whose duty it shall be forthwith to mail to such elector a blank official ballot and ballot envelope, * * *."

The words "such elector" in Subdivisions 3 and 4 refer to an elector described in Subdivision 1, that is, an elector who is absent from the county of his residence on the day of holding the election or an elector who because of sickness or physical disability cannot appear at the poll place in the election precinct of his residence on the day of holding the election. Unless a person comes within one of these classes, he is not entitled to vote absentee. If he does come within one of these classes, he may vote absentee by compliance with either the method provided in Subdivision 3 (personal appearance at the clerk's office) or the method provided in Subdivision 4 (by mail). Attorney General's Opinion O-2298 (1940) held that a person applying for an absentee ballot on the ground of illness or physical disability could vote by either method.

Subdivision 1 has been construed to permit a voter who is present in the county during the period of absentee voting, but who expects to be absent from the county on election day, to vote absentee under the provision allowing absentee voting by a person who is absent from the county on the day of holding the election. Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4 (1939); Eason v. Robertson, 288 S.W.2d 269 (Tex.Civ.App. 1956, error dism.). These cases hold, further, that the fact that the absentee voter is not actually absent from the county on election day will not make the vote illegal.

It is our opinion that an elector such as you have described has his choice of voting by personal appearance or by mail. Subdivision 4 expressly provides that upon receipt of an application by mail it shall be the clerk's duty to mail the elector an official ballot. Accordingly, your question is answered in the affirmative. Attorney General's opinion appearing in Volume 382, p. 669 is overruled.

## SUMMARY

An elector who is within the county of his residence during the period for absentee voting, but who expects to be absent on election day and applies for an absentee ballot on that ground, may vote absentee either by personal appearance at the clerk's office or by mail, at his choice.

Upon receipt of an application by mail in compliance with Subdivision 4 of Article 5.05, Vernon's Texas Election Code, it is the duty of the county clerk to mail a ballot to the elector.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

James H. Rogers
F.C. Jack Goodman
J.C. Davis, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W.V. Geppert