**HILLMAN, Co. Atty., v. KUYKENDALL et al. (No. 6186.)**

(Court of Civil Appeals of Texas. Austin. March 31, 1920.)

Elections ⊙⊐253—Irregularity in return held not to prevent counting of ballots.

Where the manner in which the votes cast at an election were returned to the commissioners' court of the county was irregular, but there was no showing of fraud, or that the returns were changed or tampered with, or that the free exercise of the voters' franchise was in any way affected thereby, such votes should be counted.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Suit to contest an election determining a road tax, by J. M. Kuykendall and others against Graves Hillman, County Attorney for San Saba County. Judgment for contestants, and defendant appeals. Affirmed.

Walters & Baker, of San Saba, for appellant.

Findings of Fact.

JENKINS, J. This suit was brought to contest an election, held for the purpose of determining whether or not a road tax should be levied in San Saba county. It was tried before the court without a jury, upon the following agreed statement of facts:

"We, the attorneys for the contestant and contestee in the above styled and numbered cause, hereby agree that the following is a full, true, and correct statement of the facts, and all of the facts, in said cause:

"That a legal election was held in San Saba county, Tex., on March 15, 1919, as charged in contestants' notice and statement.

"That said election was legally held in voting precincts Nos. 23 and 13 of said county.

"That the number of votes cast throughout the county of San Saba at said election was 577.

"That if all of said votes had been counted by the commissioners' court of said county there would have been 295 against said tax and 282 votes in favor of said tax, leaving a majority of 13 votes against said tax.

"That said election was legally held throughout the said county.

"That the above 577 votes were all legally cast by duly qualified voters, according to law.

"That the votes cast in voting precincts Nos. 23 and 13 of said county were not counted nor determined by the commissioners' court in determining the result of said election.

"That, in said voting precinct No. 23, 17 ballots were cast, 6 of which were in favor of said tax and 11 against the same.

"That, in said voting precinct No. 13, 15 votes were cast, 2 of which were in favor of said tax and 13 against the same.

"That by failing and refusing to count the votes of the said two precincts the result of said election as declared by said commissioners' court was 274 votes in favor of said tax and 271 votes against the same, making a majority of 3 votes in favor of said tax.

"That at the time the said votes were delivered to the said Northcutt he was requested to bring the same to the town of San Saba, which he did on the same afternoon on which he received them.

"That on reaching the said town of San Saba, he drove to his home in the western part of said town, leaving said returns in the pasteboard box in which they had been delivered to him, unsealed; but said box was tied with a cord, in his car standing in the street in front of his house during the night of said March 17th, and on the 18th day of March he brought his said car containing said returns to the town of San Saba, and leaving the car with the returns still therein on the street in the business part of said town until he met B. D. Sullivan, one of the commissioners of San Saba county, Texas, when he told said commissioner that he had said returns, and went with said commissioner to said car, and delivered said returns to said commissioner, who afterwards delivered the same to the county judge, and the county judge thereafter delivered same to the commissioners' court.

"That the returns from said precinct No. 13 were by one of the judges of said election deposited in the post office at Bowser, Tex., in said precinct No. 13, on March 18, 1919, in a sealed envelope, addressed, with postage prepaid, to the county judge of San Saba county, Tex., and said returns were by said judge received from the post office in San Saba on March 19, 1919, and afterwards delivered by him to the commissioners' court.

"That mail deposited in the post office at Bowser, Tex., addressed to San Saba, Tex., is carried first overland to Mercury, McCulloch

county, Tex., a distance of 10 or 12 miles, and from Mercury by the Ft. Worth & Rio Grande road, either to Brownwood or Brady, and from Brownwood or Brady by the G., C. & S. F. Railroad to San Saba, a distance of from 70 to 100 miles, and requiring 24 hours in reaching said San Saba.

"That the returns from both precincts Nos. 23 and 13 were in the same condition when received by the commissioners' court as when they were delivered by the judges of said election to said Northcutt and the post office authorities, respectively; no changes nor alterations having been made by any one prior to the time when they reached said commissioners' court.

"That the returns from both of said precincts Nos. 13 and 23 reached said commissioners' court prior to the time they canvassed the returns of said election, and said returns from said precincts were before the said court on March 21, 1919, when they canvassed the said returns of said election.

"That the commissioners' court refused to count said ballots, for the reason that the returns of the same were not made in accordance with the provisions of title 49, chapter 7, of Vernon's Sayles' Civil Statutes.

"That J. M. Kuykendall, J. E. Sorell, and D. J. Smith, Jr., contestants herein, resided in San Saba county, Tex., and are legally qualified property taxpayers of said county, Tex., and that Graves Hillman is county attorney of San Saba county, Tex., and resided in said county and state, and that said Graves Hillman, contestee, was served on March 31, 1919, at 2 o'clock p. m., in person, with the original notice of contest and statement, and a copy of which is on file with the papers in this cause; said service having been made by U. T. Chamberlain, a person competent to testify under the laws of the state of Texas, by delivering said notice and statement to said Graves Hillman, county attorney, in person, and that said contestants above named have been served with answer herein, a true copy of which is filed with the papers in said cause, said service having been made by the said U. T. Chamberlain, by delivering to each of the said contestants in person, a true copy of said answer on April 10, 1919.

"We further agree that judgment shall be entered on the foregoing statement of facts, the controversy therein being submitted to the court upon same as such agreed statement of facts."

Judgment was rendered in favor of contestants; the court holding that—

"The manner in which the election returns from said voting precincts Nos. 13 and 23 were returned to the commissioners' court of San Saba county, Tex., were but irregularities, and did not in any manner affect the free exercise of the franchise of the voters of said county, voting at said election; and no fraud being shown, or that the returns were changed or in any way tampered with, the said election is determined according to what the returns show."

**Opinion.**

We affirm the judgment herein, upon authority of Fowler v. State, 68 Tex. 30, 3 S. W. 255.

Affirmed.