

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

May 28, 1948

Hon. Russel A. Moran
County Attorney
Palo Pinto County
Palo Pinto, Texas

Opinion No. V-590

Re: Result to be certified by
Commissioners' Court in a
local option election in
which two issues were sub-
mitted.

Dear Sir:

Your letter requesting an opinion of this department
reads as follows:

"Will you please advise what results the Com-
missioners Court of Palo Pinto County, Texas, should
declare under the following statement of facts:

FACTS

"On the date of the election Palo Pinto County
had legalized sale of beverages containing alcohol
not in excess of fourteen (14%) per centum by volume,
and those of higher alcoholic content were prohibited.
On May 8, 1948, an election was held which submitted
to the voters the following issues as set forth in:

"Art. 666-40 (g) 'For prohibiting the sale of
alcoholic beverages that contain
alcohol in excess of four (4%)
per centum by weight' and
'Against prohibiting the sale of
alcoholic beverages that contain
alcohol in excess of four (4%)
per centum by weight'.

(h) 'For prohibiting the sale of
all alcoholic beverages' and
'Against prohibiting the sale of
all alcoholic beverages'.

622

Hon. Russel A. Moran, page 2, V-590

"On the first issue (g) the voters by eight votes
voted against prohibiting the sale of alcoholic bever-
ages that contain alcohol in excess of four (4%) per
centum by weight, but on the second issue by four
votes voted for prohibiting the sale of all alcoholic
beverages.

"In view of the fact that the Commissioners
Court is required on the fifth day after the election
(Thursday, May 13) or as soon thereafter as practica-
ble to canvas the returns and declare the result of
the election; your opinion on this matter at the
earliest possible time will be greatly appreciated."

Subdivision (b) of Section 20 of Article XVI of the
Texas Constitution, as adopted in 1935, provides:

"The Legislature shall enact a law or laws where-
by the qualified voters of any county, justice's pre-
cinct or incorporated town or city, may, by a majority
vote of those voting, determine from time to time
whether the sale of intoxicating liquors for beverage
purposes shall be prohibited or legalized within the
prescribed limits; and such laws shall contain provi-
sions for voting on the sale of intoxicating liquors
of various types and various alcoholic content.
(Emphasis is supplied throughout)

Pursuant to this constitutional mandate, the Legisla-
ture in 1935 set forth the various issues which might be sub-
mitted at a local option election. These issues were framed so
as to submit to the voters the question of whether or not alco-
holic beverages of the various types and alcoholic content
should be legalized or prohibited. As finally amended in 1937,
the various issues which may be voted upon in any local option
election are found in Section 40 of Article I of the Texas
Liquor Control Act, codified as Article 666-40 of Vernon's Penal
Code. Since you have stated that Palo Pinto County, on the date
of the election, had legalized the sale of beverages containing
alcohol not in excess of fourteen per cent by volume only the
following portion of Article 666-40, Vernon's Penal Code, is
pertinent to the facts submitted:

"In areas where the sale of beverages containing alcohol not in excess of fourteen (14%) per centum by volume has been legalized, and those of higher alcoholic content are prohibited, <u>one or more</u> of the following issues shall be submitted in any prohibitory election:

"(g): 'For prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) per centum by weight' and 'Against prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) per centum by weight.'

"(h): 'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages.'"

As you have stated, the issues contained in both subaragraphs (g) and (h) were submitted to the voters of Palo into County. The election resulted in a majority voting in avor of the following two issues:

"Against prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) per centum by weight."

"For prohibiting the sale of all alcoholic beverages."

The question for our decision is what result should ae Commissioners' Court now certify. A thorough search of very available authority relating to local option elections as revealed no case similar to the fact situation before us, or has any enlightenment been secured from textbook writers ther than general statements concerning elections.

The following statement of the general rule is found a 29 C. J. S., Elections, Sec. 174:

". . . . and except in those cases in which statutes prescribing rules to be observed by a voter in the preparation of his ballot are shown to be mandatory by prohibitive terms, inhibiting the counting of a ballot in case of deviation from

the rules, <u>the cases all recognize that the intent</u>
<u>of the voter is the prime consideration in deter-</u>
<u>mining the validity of the ballot, provided the</u>
<u>expression of the voter's intention does not run</u>
<u>counter to statute or involve fraud; but this in-</u>
<u>tent must be determined by an inspection of the</u>
<u>ballot itself, read in the light of surrounding</u>
<u>circumstances.</u>

For authority in Texas supporting the proposition
that the ballot should be given effect if the intent of the
voter may be ascertained from it, see the cases of Wright v.
Marquis, 255 S. W. 637; Johnston v. Peters, 260 S. W. 911;
Hooker v. Foster, 19 S. W. (2d) 911.

Another statement of the general rule appears in
16 Tex. Jur. 114, Elections, Sec. 96:

"In order to secure the purposes for which
elections are held, the rule is that a ballot,
like any other written instrument, should be ex-
amined in the light of the attendant circumstances
with a view to ascertaining the intention of the
voter."

We have examined the election results in the light
of the authorities quoted above and in an effort to ascertain
from them the intent of the voters of Palo Pinto County. Our
effort has met with failure. The results disclose that the
voters on the one hand expressed a desire to favor the sale
of beverages of a greater alcoholic content than four per cent
by weight and on the other hand expressed a contrary desire to
prohibit the sale of all alcoholic beverages.

We believe the reason for the conflicting vote may
in large measure be attributed to the unfortunate phrasing of
various issues contained in Article 666-40, Vernon's Penal Code.
Some of the issues are couched in such language as to be mis-
leading to the average voter. For instance, the two issues sub-
mitted in this election beginning with the words "Against pro-
hibiting" undoubtedly misled some of the voters. The results of
the election in Palo Pinto County clearly indicate the need for
a revision of Article 666-40 of Vernon's Penal Code.

It is our opinion that the result of the local option election under consideration is impossible of ascertainment. Such election is therefore void, and the Commissioners' Court should so certify.

## SUMMARY

The local option election in Palo Pinto County in which two issues were submitted to the voters, one resulting in the majority voting against prohibiting the sale of alcoholic beverages containing alcohol in excess of four per cent by weight and the other resulting in the majority voting for prohibiting the sale of all alcoholic beverages, is void.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Clarence Mills*

Clarence W. Mills
Assistant

CYM:rt

APPROVED:

*Price Daniel*

ATTORNEY GENERAL