

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 23, 1961

Honorable Jules Damiani, Jr.          Opinion No. WW-1065
Criminal District Attorney
Court House                           Re:   What officer handles
Galveston, Texas                            absentee voting by
                                            paper ballots in school
                                            elections.

Dear Sir:

You have requested an opinion on the following question:

"Does the County Clerk handle
or process absentee voting by paper
ballots in school elections, where
voting machines or paper ballots are
in use by the county?"

Voting machines have been adopted for use in elections
in Galveston County, and your inquiry is directed particularly
to school elections in counties where voting machines are in
use. Section 7 of Article 7.14, Election Code, provides that
the authority charged with holding an election shall determine
whether voting machines or paper ballots shall be used for the
casting of absentee votes at the election. The portion of the
statute dealing with absentee voting by paper ballots reads as
follows:

" * * * Should the authority
charged with holding an election de-
termine by such resolution as above
provided, that absentee votes cast at
such election be cast by a paper ballot,
then, and in such event, the authority
charged with holding such election shall
provide a ballot for the casting of ab-
sentee votes as prescribed and provided
by the general laws applicable to elec-
tions and to absentee voting and those
entitled under the law shall cast their
vote by such ballot under the laws appli-
cable to absentee voting, providing,
however, that on the day of such election

and in the presence of the election officers
one of the judges of election shall, between
the hours of 2 p.m. and 3 p.m. open the
carrier envelope only as provided by the
laws applicable to absentee voting, * * *.
/Omitted portion provides for processing
the absentee ballots and registering the
votes on the voting machine in use at the
polling place, and for challenge of absen-
tee ballots and rejection of those not
voted according to law./ All rejected
ballots shall be enclosed, securely sealed
in an envelope on which words, 'rejected
absentee ballots' have been written to-
gether with the statement of the precinct
and the date of the election, signed by the
judges and clerks of election and returned
in the same manner as provided for the re-
turn and preservation of official ballots
voted at such election and shall be held by
the County Clerk, City Secretary or other
person provided by law, thirty (30) days
and as much longer thereafter as any court
or reviewing authority may direct."
(Emphasis supplied.)

Where absentee voting is by paper ballot, the under-
scored portion of this statute makes the general provisions on
absentee voting applicable in all matters except the matters
expressly covered in the succeeding provisions of Section 7,
dealing with the processing of the ballots after they have been
delivered to the election judges.

Article 5.05, Election Code, which is the general
statute on absentee voting, provides that absentee voting in
all elections shall be conducted by the county clerk. Article
7.13 provides that in municipal elections "the mayor, the city
secretary, and/or the governing body shall do and perform each
act which in other elections are required to be done and per-
formed respectively by the county judge, the county clerk and
the Commissioners Court." Consequently, in municipal elections
the city secretary is the proper officer to conduct absentee
voting. Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4
(1939); Att'y Gen. Op. 0-6033 (1944). However, there is no
similar statute transferring the county clerk's duties to some
other officer in school elections, and the county clerk is the
proper officer to conduct absentee voting in these elections
in "paper ballot" counties. Hooker v. Foster, 19 S.W.2d 911
(Civ.App. 1929); Att'y Gen. Op. 0-4487A (1942). Since Section

Hon. Jules Damiani, Jr., page 3 (WW-1065)

7 of Article 7.14 makes these provisions of Article 5.05 applicable to absentee voting by paper ballot in counties where voting machines have been adopted, the same rule applies in those counties. In this connection, Article 2745c of Vernon's Civil Statutes expressly provides that the county clerk shall conduct the absentee voting in school trustee elections, and that paper ballots shall be used for absentee voting in all such elections, including elections in districts where voting machines are used at regular polling places.

You have called our attention to the term "authority charged with holding the election" in Section 7 of Article 7.14 and to the last sentence of this section, which provides that rejected absentee ballots shall be returned in the same manner as provided for the return and preservation of official ballots voted at the election and "shall be held by the County Clerk, City Secretary or other person provided by law", and you suggest that the terms "authority charged with holding an election" and "other person provided by law" indicate that school districts and water districts should handle their own absentee voting, the same as the county clerk and city secretary in their elections. As already pointed out, there is a statute expressly substituting the city secretary for the county clerk in city elections. In primary elections, the authority charged with holding the election is the county executive committee of the party; yet it cannot be doubted that the county clerk rather than someone designated by the executive committee is the proper officer to conduct absentee voting for primary elections. In the absence of a statute transferring these duties to someone else, it is our opinion that the county clerk is the proper officer to conduct absentee voting in all elections.

The last sentence of Section 7 pertains to the custody of the ballots after the election is concluded. The general provisions of the Election Code place custody of the ballots in the county clerk (Art. 5.05, Subdiv. 6; Art. 5.06; Art. 8.32). By Article 7.13, supra, the city secretary is made the custodian of ballots in city elections. Special statutes place custody in some other officer in various other elections (e.g., Arts. 2746a and 7880-29, V.C.S.) and these special statutes explain the reason for insertion of the term "or other person provided by law." However, the substitution of some other person for the county clerk in these latter statutes is for the specific duties enumerated in the statute and not for the duties of the county clerk generally.

Section 7a of Article 7.14, enacted in 1957, provides an optional method for the counting of absentee paper ballots by a special canvassing board in elections held in counties

which have adopted voting machines. This section provides that "absentee voting shall be conducted by the county clerk, city secretary, or other officer charged by law with the duty of conducting absentee voting for that election." (Emphasis supplied.) The author of the present opinion assisted in the drafting of this law and inserted the underscored language because of proposals which had been made to permit county executive committees to conduct absentee voting in primary elections and in recognition of the possibility that the Legislature might provide in subsequently enacted special statutes that in certain elections the absentee voting was to be conducted by some other officer. Section 7a does not undertake to designate any other officer to conduct absentee voting in particular types of elections, and until the Legislature places this duty in some other officer it remains with the county clerk in all elections except municipal elections.

Section 3 of Article 7.14, after providing that the commissioners court of a county may adopt voting machines for use in elections in all or part of the election precincts of the county, further provides:

> "* * * and thereupon such voting machine shall be used at any and all elections and primary elections, municipal, county, district, or State held in that county or any part thereof, designated for voting, registering and counting votes cast at such elections and primary elections, all school and bond elections also shall be conducted by the use of voting machines in those counties or parts thereof where such machines have been adopted, where the law specifically makes their use obligatory." (Emphasis supplied.)

In this opinion we are not passing on whether this statute makes use of voting machines at regular polling places mandatory in school elections. The answer to your question on absentee voting is unaffected by the question of whether their use for regular voting is mandatory or permissive.

## SUMMARY

The county clerk has the duty of conducting absentee voting by paper ballots in elections held by school

Hon. Jules Damiani, Jr., page 5 (WW-1065)

> districts, both in counties where voting
> machines have been adopted for use and
> in counties where paper ballots are used.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: *Mary K. Wall*
Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Lawrence Hargrove
Howard Mays
W. Ray Scruggs
Sam Wilson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt